

**U.S. Department of Justice**

*Civil Division*

*Washington, D.C. 20044*

VIA E-FILING                                              March 29, 2025

Hon. Anastasia Dubrovsky
Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   *D.V.D., et al., v. U.S. Department of Homeland Security, et al.*, No. 25-1311
      28(j) Notice Regarding District Court Action

**Dear Ms. Dubrovsky**:

Pursuant to Rule 28(j), the government provides notice that earlier today, the district court issued an opinion memorializing the Temporary Restraining Order (TRO) it had entered yesterday and denied the government's motion for a stay pending appeal. *See* Dkts. 40, 41.

The TRO here erroneously "enjoin[s] or restrain[s] the operation of" the Immigration and Nationality Act's (INA) provisions authorizing the removal of aliens with final orders of removals, in violation of 8 U.S.C. §1252(f)(1). In addition, 8 U.S.C. § 1252(a)(4) and (5), (b)(9), and (g) independently bar suit because they channel *all* challenges to orders of removal, like this one, into the courts of appeals.

The district court's opinion does not meaningfully address those flaws. The court held that 8 U.S.C. §1252(f)(1) does not apply to the government's alleged obligations under the Convention Against Torture (CAT), but the opinion offers no reasoning whatsoever for that conclusion. Cf. Op. 8 (only citation of §1252(f)). The court held that §1252(g) does not preclude review on the theory that plaintiffs do not challenge execution of a removal order, but that is nonsensical; all plaintiffs have "final removal orders," Compl. ¶1, and would be removed to third countries under §1231(b).

The district court also ignored the government's specific arguments with respect to CAT. CAT, like most treaties, is not self-executing. And Section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), which implements Article 3 of CAT, expressly forbids judicial review of DHS's CAT regulations and channels review of CAT claims into the final order of removal process. By erecting new rules governing CAT, the district court effectively rewrote DHS's CAT regulations, in direct contravention of FARRA.

Nor did the district court explain why it thought it had authority to issue overbroad relief extending to nonparties. Cf. Op. 7-8. And for the reasons explained, the harms to the government and public from this overbroad order remain immediate, irreparable, intruding on core Article II authorities of the President. This Court should grant both an immediate administrative stay and a stay pending appeal of section 2.b of the TRO.

Regards,

EREZ REUVENI
Acting Deputy Director

ELIANIS N. PEREZ
Assistant Director

/s/*Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

CERTIFICATE OF SERVICE

  I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ *Mary L. Larakers* |
|  | Mary L. Larakers |
| Dated: March 29, 2025 | Senior Litigation Counsel |