# United States Court of Appeals
## For the First Circuit

_____

No. 25-1311

D.V.D.; M.M.; E.F.D.; O.C.G.,

Plaintiffs - Appellees,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of Department of Homeland Security (DHS); PAMELA BONDI, United States Attorney General; ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,

Defendants - Appellants.
_____

Before

Montecalvo, Howard, and Aframe,
Circuit Judges.
_____

**ORDER OF COURT**

Entered: April 7, 2025

      The emergency motion for stay pending appeal and immediate administrative stay is denied based on our concerns about whether the underlying temporary restraining order of the district court is appealable as a preliminary injunction. While Courts of Appeals generally have jurisdiction to hear appeals regarding orders granting preliminary injunctions, we generally lack jurisdiction over appeals challenging temporary restraining orders. See 28 U.S.C. § 1292(a)(1); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3922.1 (3d ed. 2012) ("[O]rders granting . . . temporary restraining orders are not appealable . . . ."); see also Dep't of Educ. v. California, 604 U.S. ___, No. 24A910, 2025 WL 1008354, at *1 (Apr. 4, 2025) (per curiam) ("[T]he Courts of Appeals generally lack appellate jurisdiction over appeals from [temporary restraining orders] . . . ."). This principle can be overcome in some situations where the temporary restraining order effectively functions as an appealable preliminary injunction, see Sampson v. Murray, 415 U.S. 61, 86-88 (1974), but that does not appear to be the situation before us. Significantly, appellants have issued intervening "Guidance Regarding Third Country Removals" and moved under Federal Rule of Civil Procedure 62.1 for an indicative ruling that the district court would dissolve the order in light of the Guidance if jurisdiction were returned to it. Appellants have made a moving target of their removal policy (and potentially the underlying order) just days before the district court hearing on the motion for

a preliminary injunction, which has been scheduled within the 14-day period specified in Federal Rule of Civil Procedure 65(b)(2). That only reinforces the temporary nature of the relief at issue.

The stay is <u>denied</u>.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Donald Campbell Lockhart
Abraham R George
Elianis N. Perez
Matthew Patrick Seamon
Mary Larakers
Mark Sauter
Yaakov Roth
Aysha Iqbal
Daniel Cappelletti
Trina A. Realmuto
Mary A. Kenney
Kristin Macleod-Ball
Tomas Arango
Aaron Korthuis
Anwen Hughes
Glenda M. Aldana Madrid
Leila Kang
Matthew H. Adams